JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

*William Lagorio*

**(b)** County of Residence of First Listed Plaintiff   *Suffolk*
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*Edward L. Manchur*
*PO Box 3154*
*Peabody MA     978 333 1013*

## DEFENDANTS

*Staples, Inc.*

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

◻ 1   U.S. Government
Plaintiff

◻ 2   U.S. Government
Defendant

◻ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ◻ 1 | Incorporated *or* Principal Place of Business In This State | ◻ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ◻ 2 | Incorporated *and* Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 365 Personal Injury - | ◻ 690 Other | ◻ 423 Withdrawal | ◻ 376 Qui Tam (31 USC |
| ◻ 130 Miller Act | ◻ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ◻ 140 Negotiable Instrument | Liability | ◻ 367 Health Care/ | | | ◻ 400 State Reapportionment |
| ◻ 150 Recovery of Overpayment | ◻ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' | Product Liability | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 152 Recovery of Defaulted | Liability | ◻ 368 Asbestos Personal | | ◻ 835 Patent - Abbreviated | ◻ 460 Deportation |
| Student Loans | ◻ 340 Marine | Injury Product | | New Drug Application | ◻ 470 Racketeer Influenced and |
| (Excludes Veterans) | ◻ 345 Marine Product | Liability | | ◻ 840 Trademark | Corrupt Organizations |
| ◻ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ◻ 480 Consumer Credit |
| of Veteran's Benefits | ◻ 350 Motor Vehicle | ☒ 370 Other Fraud | ◻ 710 Fair Labor Standards | ◻ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle | ◻ 371 Truth in Lending | Act | ◻ 862 Black Lung (923) | ◻ 485 Telephone Consumer |
| ◻ 190 Other Contract | Product Liability | ◻ 380 Other Personal | ◻ 720 Labor/Management | ◻ 863 DIWC/DIWW (405(g)) | Protection Act |
| ◻ 195 Contract Product Liability | ◻ 360 Other Personal | Property Damage | Relations | ◻ 864 SSID Title XVI | ◻ 490 Cable/Sat TV |
| ◻ 196 Franchise | Injury | ◻ 385 Property Damage | ◻ 740 Railway Labor Act | ◻ 865 RSI (405(g)) | ◻ 850 Securities/Commodities/ |
| | ◻ 362 Personal Injury - | Product Liability | ◻ 751 Family and Medical | | Exchange |
| | Medical Malpractice | | Leave Act | | ◻ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ◻ 891 Agricultural Acts |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights | **Habeas Corpus:** | ◻ 791 Employee Retirement | ◻ 870 Taxes (U.S. Plaintiff | ◻ 893 Environmental Matters |
| ◻ 220 Foreclosure | ◻ 441 Voting | ◻ 463 Alien Detainee | Income Security Act | or Defendant) | ◻ 895 Freedom of Information |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment | ◻ 510 Motions to Vacate | | ◻ 871 IRS—Third Party | Act |
| ◻ 240 Torts to Land | ◻ 443 Housing/ | Sentence | | 26 USC 7609 | ◻ 896 Arbitration |
| ◻ 245 Tort Product Liability | Accommodations | ◻ 530 General | | | ◻ 899 Administrative Procedure |
| ◻ 290 All Other Real Property | ◻ 445 Amer. w/Disabilities - | ◻ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other:** | ◻ 462 Naturalization Application | | Agency Decision |
| | ◻ 446 Amer. w/Disabilities - | ◻ 540 Mandamus & Other | ◻ 465 Other Immigration | | ◻ 950 Constitutionality of |
| | Other | ◻ 550 Civil Rights | Actions | | State Statutes |
| | ◻ 448 Education | ◻ 555 Prison Condition | | | |
| | | ◻ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

◻ 2  Removed from
State Court

◻ 3  Remanded from
Appellate Court

◻ 4  Reinstated or
Reopened

◻ 5  Transferred from
Another District
*(specify)*

◻ 6  Multidistrict
Litigation -
Transfer

◻ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
*28 USC 1332(d)*

Brief description of cause:
*False and Deceptive Advertising*

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
*10,000,000 ∞*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ◻ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   *May 28 2020*

SIGNATURE OF ATTORNEY OF RECORD   *Edward L Manchur*   *BBO # 316910*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** _William Lagoro v. Staples, Inc_

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).**

   [ ]   I.    160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]   II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   [ ]   III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

   **\*Also complete AO 120 or AO 121. for patent, trademark or copyright cases.**

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

   YES [ ]     NO [X]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

   YES [ ]     NO [X]

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

   YES [ ]     NO [X]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

   YES [ ]     NO [X]

7. **Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

   YES [X]     NO [ ]

   A.   **If yes, in which division do all of the non-governmental parties reside?**

   Eastern Division [X]       Central Division [ ]       Western Division [ ]

   B.   **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

   Eastern Division [ ]       Central Division [ ]       Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

   YES [ ]     NO [ ]

   **(PLEASE TYPE OR PRINT)**
   **ATTORNEY'S NAME** _Edward L Manchur   BBO 316910_
   **ADDRESS** _PO Box 3156   Peabody MA 01960_
   **TELEPHONE NO.** _978 333 1013_

   (CategoryForm1-2019.wpd )

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM LAGORIO, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>STAPLES, INC.,<br><br>       Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff William Lagorio ("Plaintiff"), on behalf of himself and all others similarly situated, hereby submits the following Class Action Complaint ("Complaint") against Staples, Inc. ("Defendant") and upon personal knowledge as to his own acts and status, and upon information and belief, the investigation of his counsel, and the facts that are a matter of public record, as to all other matters, alleges as follows:

### NATURE OF THE ACTION AND PLAINTIFF'S CLAIMS

1.  Defendant advertises, markets, labels, distributes and sells a topical antiseptic hand sanitizer product consisting primarily of ethyl alcohol under the "perk" brand name (the "Product").

2.  The Product is available for purchase in various sizes by consumers from Defendant's retail stores located in this jurisdiction as well as in at least 44 other states of the United States and online through a website that is owned and/or controlled by Defendant at the following address: staples.com (the "Website").

1

3.      The recent pandemic of the fatal Coronavirus has prompted increased demand for the Product and competing products.

4.      The Product competes directly with a hand sanitizer product-line containing virtually identical ingredients to the Product that is sold by Gojo Industries, Inc. ("Gojo") under the brand name "Purell."

5.      The Product contains a representation on the front of the label in prominent print as follows: "99.99% GERM KILLING SANITIZER."

6.      The Website represents that the Product "kills 99.9 percent of germs."

7.      The Website, which includes links to webpages where the Product may be purchased, indicates that that the Product is ideal for use in offices, conference rooms, personal desk space, and school classrooms.

8.      Despite the Product label and Website representation (individually and collectively, the "Representation(s)") concerning the killing of at least 99.9% of germs, there are no reliable studies that support the Representations.

9.      On information and belief, the Product does not kill a variety of germs and/or bacteria including certain germs/bacteria that cause a variety of diseases (the "Diseases"), including certain strains of influenza, Ebola, and norovirus.

10.     By each Representation, reasonable consumers are led to believe that proper use of the Product will prevent the Diseases and will kill at least 99.9% of all germs that cause all illnesses in human beings.

11.     The Food and Drug Administration (the "FDA") recently issued a warning letter (the "FDA Warning Letter")[1] to Gojo regarding its Purell product, a direct competitor to the

---

[1] Warning letter at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020 (last viewed May 27, 2020).

2

Product, which detailed Gojo's false, deceptive and dangerous marketing of the Purell product-line which included the unproven representation that Purell "Kills more than 99.99% of most common germs... ."

12.      Among other things, the FDA Warning Letter states that it is not aware of "any adequate and well-controlled studies demonstrating that killing or decreasing the number of bacteria or viruses on the skin by a certain magnitude produces a corresponding clinical reduction infection or disease caused by such bacteria or virus."

13.      Further, the "FDA promulgated a news release on April 27, 2020 stating, in pertinent part, as follows: **"...hand sanitizers are not proven to treat COVID-19... ."**

14.      The Representation on the Product label does not conform to the statements required to be set forth pursuant to governing FDA tentative rules governing the Product.

15.      The Representation on the Product label and on the Website each is false and misleading as the Product when used as directed does not kill at least 99.9% of all germs.

16.      Similar to Purell, Defendant's Product relies on 70% ethyl alcohol as the active ingredient that purportedly kills germs.  Therefore, the FDA Warning Letter condemning Gojo's representations concerning Purell's ability to kill 99.99% of germs and thereby prevent the Diseases as well as other human illnesses applies equally to the Product.  In fact, the FDA Warning Letter explicitly expanded it warning beyond Purell, stating that "we are not aware of a similar OTC [over-the-counter] product formulated as labeled" that is supported by evidence that it is safe and effective for the prevention of infection from the flu or other viruses.

17.      The FDA has never established that the Product's main ingredient, ethyl alcohol, is generally recognized as safe and effective for its intended use as a topical antiseptic.

3

18.     The Product's claims on the Product label in the form of the Representation are not in compliance with the statements for topical antiseptics required by the FDA and, in fact, overstate the efficacy of the Product.

19.     No topical antiseptic products containing 70% ethyl alcohol have ever been able to achieve the results stated in the Representations.

20.     Each Representation is harmful and deceptive to consumers because it gives the misleading impression that using the Product will prevent the Diseases and all other human illnesses, including SARS Covid-2, the illness caused by the COVID-19 virus (i.e., the "Coronavirus").

21.     Each Representation allows Defendant to unlawfully increase its sales of the Product and gives Defendant a competitive edge over many of its competitors in the marketplace including, by example, competitive products that expressly state that the product is effective in reducing and/or killing only a limited number and/or type of germs.

22.     The Defendant's conduct caused Plaintiff, and others similarly situated, to suffer damages requiring disgorgement and restitution as well entitling them to injunctive relief.

23.     The Product is unable to provide the outcomes promised by the Defendant in the Representations, but through each Representation, cause consumers to defer or forgo taking other concrete measures at preventing the Diseases and other human illnesses, increasing their risk of contracting the same.

24.     The Defendant's marketing of the Product with the Representations is designed to – and did – to the knowledge of Defendant, deceive, mislead and defraud consumers.

4

25.     The Defendant's false, deceptive and misleading marketing and sale of the Product has enabled Defendant to sell more of the Product and at higher prices per unit than it would have in the absence Defendant's misconduct.

26.     Defendant's misconduct alleged above results in additional profits to Defendant at the expense of consumers and consumers' greater susceptibility to the Diseases and other human illnesses.

27.     The value of the Product that Plaintiff purchased was materially less than its value as represented by the Defendant.

28.     Had Plaintiff and class members known the truth, they would not have bought the Product, or would have paid less for it, and would not have foregone or deferred proven medically established recommendations to prevent transmission of the Diseases and other human illnesses.

29.     As a result of each false and misleading Representation, the Product is sold at a premium price compared to other similar products sold in a way that is not misleading.

30.     As a result of Defendant's false and deceptive claims, consumers--including Plaintiff and the other members of the proposed Class--have purchased a product that has not been proven to perform as advertised.  This action seeks to obtain redress for purchasers the Product, and to enjoin Defendant's deceptive and unlawful advertising as well as to obtain other equitable relief.  Plaintiff brings this lawsuit against Defendant on behalf of himself and all other similarly situated purchasers of the Product in the United States alleging claims for unjust enrichment and violations of M.G.L. c. 266, § 91, and M.G.L. c. 93A, § 2.

## JURISDICTION AND VENUE

31.     This Court has jurisdiction over all causes of action asserted herein pursuant to 28

U.S.C. § 1332(d) because the aggregate claims of Plaintiff and members of the Class, which

exceeds one hundred persons, exceed the sum or value of $5,000,000, exclusive of interest and

costs, and there is diversity of citizenship between at least one member of the proposed Class and

Defendant.

32.     This Court has personal jurisdiction over the Defendant because the Defendant

conducts business in Massachusetts, maintains its headquarters in Massachusetts and sells

products at retail to consumers in Massachusetts through at least 50 retail stores.

33.     Venue is proper in this District under 28 U.S.C. § 1391(a)(1) and (2).  Defendant

conducts substantial business throughout Massachusetts, and its headquarters and principal place

of business are located in this District.

34.     A substantial part of the events, acts and transactions giving rise to the claims

occurred in this District.

## PARTIES

35.     Plaintiff is a resident of the Commonwealth of Massachusetts, and was exposed to

Defendant's deceptive and misleading statements (i.e., the Representation) in Massachusetts

through purchase of Defendant's Product from Defendant's retail store in Saugus, Massachusetts

on or about February 24, 2020.  In reliance on the misleading Representation, Plaintiff purchased

6

a 1-liter (33.8 fluid ounce) bottle of the Product for $ 6.36, inclusive of sales tax.   Had Plaintiff

known the truth concerning the Representation, he would not have purchased the Product.

36.     Defendant Staples, Inc. is a corporation organized and existing under the laws of the State

of Delaware, with its principal place of business at 500 Staples Drive, Framingham, MA  01702.

Staples, Inc., thus, is a citizen of Massachusetts and Delaware.

Staples, Inc. conducts business in Massachusetts and has marketed, distributed, and sold

the Product to at least several hundred consumers in Massachusetts.

37.     Plaintiff is informed and believes, and thus alleges, that at all times herein,

Defendant's agents, employees, representatives, and owners, were acting within the course and

scope of such agency, employment, and representation, on behalf of Defendant.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 on

behalf of himself and a Class of all others similarly situated consisting of all persons in the

United States who purchased the Product during the period from March 10, 2017 until notice is

disseminated to the Class.  Excluded from the Class is Defendant and its officers, directors, and

employees, and those who purchased the Product for the purpose of resale.

7

39.     In the alternative, Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a Class of all others similarly situated consisting of all persons who purchased the Product in the Commonwealth of Massachusetts, during the period from March 10, 2016 until notice is disseminated to the Class (the "Massachusetts Class"). Excluded from the Massachusetts Class is Defendant and its officers, directors, and employees, those who purchased the Product for resale.

40.     *Numerosity*.   The members of the Class are so numerous that joinder of all members would be impracticable.   Plaintiff is informed and believes, and on that basis alleges, that the Class contains thousands of members.   The precise number of Class members is unknown to Plaintiff.

41.     *Existence and Predominance of Common Questions of Law and Fact*. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.   These common legal and factual questions include, but are not limited to, the following:

     (a)    Whether Defendant had adequate substantiation for each Representation prior to making it;

     (b)    Whether each Representation is true, or is misleading, or reasonably likely to deceive;

     (c)    Whether the Defendant's alleged misconduct constitutes violations of the laws asserted herein;

     (d)    Whether Defendant is engaged in unfair and/or deceptive advertising with respect to the Product;

     (e)    Whether Defendant has been unjustly enriched;

8

(f)     Whether Plaintiff and members of the Class have been injured by Defendant's conduct; and

(g)     Whether Plaintiff and the Class are entitled to relief, and the amount and nature of such relief.

42.     *Typicality*. The claims of Plaintiff are typical of the claims of the members of the Class because, among other things, Plaintiff asserts the same claims, and all Class members were injured through the uniform misconduct described above.

43.     *Adequacy of representation*. Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in class and complex litigation. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

44.     *Superiority*.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for the following reasons:

(h)     It is economically impractical for members of the Class to prosecute individual actions;

(i)     The Class is readily definable; and

(j)     Prosecution as a class action will eliminate the possibility of repetitious litigation.

45.     A class action will cause an orderly and expeditious administration of the claims of the Class.  Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

46.     Plaintiff does not anticipate any undue difficulty in the management of this litigation.

47.     Plaintiff and the Class expressly exclude any causes of action relating to personal injury or other bodily harm arising from Defendant's conduct.

9

## FIRST CLAIM

### (For Violations of Untrue and Misleading Advertising under Mass. Gen. Laws c. 266, § 91)

67.     Plaintiff incorporates the above allegations by reference as if set forth herein in full.

68.     Defendant's labeling, marketing, advertising, and promotion of the Product is untrue, deceptive, and/or misleading, in violation of Mass. Gen. Laws c. 266, § 91.

69.     At all times relevant to this action, Defendant knew, or could, upon reasonable investigation, have ascertained that its labeling, marketing, advertising, and promotion of the Product was untrue, deceptive, and/or misleading.

70.     Defendant's untrue, deceptive, and/or misleading labeling, marketing, advertising, and promotion of the Product has continued throughout the Class Period and is continuing as of the present date.

71.     As a purchaser of the Product who was damaged by Defendant's untrue, deceptive and/or misleading advertising (in that Plaintiff and the other Class members purchased a product that did not conform to the representations made about the Product by Defendant), Plaintiff is entitled to and does bring this class action to seek all available remedies under Mass. Gen. Laws c. 266, § 91, including injunctive relief.  The injunctive relief would include an order directing Defendant to cease its false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

## SECOND CLAIM

### (For Violations of Unfair and Deceptive Conduct in Violation of M.G.L., c. 93A, § 2)

72.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

10

73.     Defendant's conduct, as alleged herein, constitutes unfair or deceptive acts or practices and unfair methods of competition in trade or commerce in violation of M.G.L. c. 93A, § 2 and the regulations promulgated thereunder, including without limitation, 940 C.M.R. §§ 3.02 (2), §§ 3.05(1) and (2), §§ 3.16(2) and (3) and (4), and §§ 604(1) and (2).

74.     Defendant's unlawful conduct includes its false and misleading statements, representations, and depictions in its labeling, marketing and advertising for the Product, as alleged in greater detail above.  Such conduct injured Plaintiff and each of the other Class members, in that they paid more for the falsely advertised product they purchased than was worth at the time of purchase, or would have not purchased the Product at all.

75.     Defendant unfair or deceptive acts or practices, as alleged herein, were willful or knowing violations of M.G.L. c. 93A, § 2, within the meaning of M.G.L. c. 93A, § 9(3).

76.     On March 9, 2020, Plaintiff served Defendants with a demand letter by mail, in accordance with M.G.L., c. 93A, § 9(3).  The demand letter explained in detail the nature of the unfair or deceptive acts or practices, the injuries suffered by Plaintiff and the other members of the Class he seeks to represent, as well as demanding compensation for those injuries and other relief.  A copy of the demand letter is annexed hereto as Exhibit 1.

77.     In response to that letter, Defendant failed and refused to make a reasonable offer of relief for the Plaintiff and the Class.

78.     Plaintiff and the other members of the Class have been injured by Defendant's unfair or deceptive acts or practices and unfair methods of competition.

79.     Pursuant to M.G.L. c. 93A, §§ 9(3) and 9(4), Plaintiff and each of the other members of the Class are entitled to recover double or treble the amount of their actual damages, or statutory damages, whichever is greater, plus their reasonable attorneys' fees and the costs of this action.

80.     Plaintiff and the other members of the Class are also entitled to injunctive relief in the form of an order directing Defendant to cease its false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

## THIRD CLAIM

### (Unjust Enrichment)

81.     Plaintiff incorporates the above allegations by reference as if set forth herein in full.

82.     Defendant sold the Product based on its advertised ability to kill at least 99.9% of all germs, as further described above.  However, the Product does not have such capabilities, as further described above.

83.     By purchasing the Product at retail, Plaintiff and the Class have conferred a significant monetary benefit on Defendant, which benefit is known and has been appreciated by Defendant.

84.     Retention by Defendant of the benefit conferred by Plaintiff and the Class would, under the circumstances, be inequitable.

85.     Plaintiff, on behalf of himself and the Class, seeks restitution or, in the alternative, imposition of a constructive trust on the funds inequitably received and retained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for judgment against Defendant as follows:

12

A.    An Order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

B.    An Order awarding restitution and disgorgement of Defendant's revenues from sale of the Product to Plaintiff and each member of the Class;

C.    An Order awarding equitable relief, including: enjoining Defendant from continuing the unlawful false advertising practices as set forth herein, directing Defendant to retrieve existing false and misleading advertising and promotional materials, directing Defendant to engage in a corrective advertising campaign, directing Defendant to identify, with Court supervision, victims of their conduct and pay them restitution, and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

D.    An Order awarding the greater of actual damages (including double or treble damages) or statutory damages, as allowable by law;

E.    An Order awarding attorneys' fees and costs to Plaintiff and the other member of the Class; and

F.    Such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated:   May 28, 2020

Respectfully submitted,

/s/ Edward L. Manchur
Edward L. Manchur (BBO #316910)
P.O. Box 3156
Peabody, MA 01960
Phone: (978) 333-1013
manchurlaw@gmail.com
*Counsel for Plaintiff William Lagorio*

13